HENLEY *v.* ENGLER.

Opinion delivered May 3, 1915.

1. SPECIFIC PERFORMANCE—PURCHASE OF LANDS.—A party who seeks the specific execution of a contract is bound to show a substantial performance or readiness and offer to perform on his part all that is required of him by the contract. Failure in any material respect offers a full defense to the suit.

2. SPECIFIC PERFORMANCE—PURCHASE OF LANDS.—A. agreed to buy certain lands from B. on December 12, a deed was deposited by B. with a bank for delivery when A. should make a certain cash payment. A. had the abstract examined, and reported it correct, but when called on by B. for the cash payment, failed to make the same. B. thereupon rescinded the contract. *Held,* A. having failed to perform the condition imposed upon him by the contract, his failure to do so is a defense to his action against B. for specific performance.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Judge; affirmed.

STATEMENT BY THE COURT.

J. D. Henley instituted this action in the chancery court against Mary E. Engler, Sam Engler and the Bank of Brinkley to obtain specific performance of a contract for the sale of land. The facts are as follows:

The plaintiff Henley made a verbal contract with Sam and Mary Engler to purchase from them 160 acres of land in St. Francis County and agreed to pay therefor $2,100. He was to pay $150 in cash and to give four notes of $500 each for the balance. Pursuant to the agreement, Sam and Mary Engler executed to Henley a deed to the land in question and turned it over to the cashier of the Bank of Brinkley with instructions to deliver it to Henley upon the payment of $150 and the execution of a deed of trust on the land to secure the deferred payments. This was done on the 12th day of December, 1913, and on the same day Henley delivered to the cashier of the Bank of Brinkley a deed of trust to this land executed in favor of the Englers. Henley testified that the deed from the Englers to him was placed in an envelope, marked "To be delivered to J. D. Henley when check is paid;" that

he was to have the abstract of title to the land examined and when satisfied with the title was to pay $150 and deliver to the Englers the deed of trust; that the deed of trust was left at the bank in an envelope marked "To be delivered to Sam Engler when abstract is approved." He stated that Sam Engler and wife were present when these inscriptions on the envelopes were made; that his attorney was sick and did not get to examine the abstract for about a month; and that he did not put the money in the bank to pay his check for the $150 until February 23, 1914. He denied that he told Engler at the time the papers were deposited with the bank that the title to the land was good.

Sam Engler testified that he gave the abstract of title to Henley about the 6th day of December, 1913, and that the deed was deposited with the cashier of the bank on the 12th day of December, 1913; that Henley told him he had examined the abstract and it was all right; that the agreement was that Henley was to pay him $150 in cash and the balance in deferred payments secured by a deed of trust on the land; that the $150 was to be paid in a day or two and that the deed was not to be delivered until the cash payment was made; that the sale was made on condition that the cash payment should be made as soon as the abstract could be examined; that he and his wife left that part of the country as soon as the contract was made and went to the State of Montana; that on December 27, 1913, he wrote to Henley to warn him that if the cash payment was not made at once the trade would be rescinded; that during the first part of January he again wrote to Henley and also to the cashier of the bank, telling them that the money must be paid at once; that not getting any satisfactory replies to these letters, he returned to Brinkley on February 20, 1914; that as soon as he returned he went to Henley and demanded payment of the money, and, failing to receive it, declared the contract rescinded, and, on that account, refused to accept payment when it was offered to him on the 23d day of February, 1914.

The chancellor found the issues in favor of the defendants and decreed that the complaint of the plaintiff should be dismissed for want of equity. The plaintiff has appealed.

*Mann, Bussey & Mann,* for appellant.

1. The deeds and papers were placed in escrow, and the contract could only be rescinded upon failure to perform the condition. 16 Cyc. 561, 578. A reasonable time to comply with the contract was granted, and there was no unreasonable delay. 16 Cyc. 578. Time was not made the essential part of the contract; no specific time was fixed. 4 Pom. Eq. (3 ed.), § 1408; 72 Ark. 359; 1 *Id.* 421.

2. A bill for specific performance was the proper remedy. 97 Ark. 482; Pom. Eq., § § 221, 1402 (3 ed.). The delay was not unreasonable; but if so it was waived.

*Roy D. Campbell,* for appellees.

1. The delay was unreasonable. Equity has discretion to grant or refuse specific performance.

2. There never was a complete sale. 105 Ark. 513-517. Upon appellant's own testimony he was not entitled to relief. *Ib.*

3. Bills for specific performance are addressed to the sound discretion of the chancellor. 12 Ark. 421; 19 *Id.* 51; 21 *Id.* 110; 34 *Id.* 663. In this case, appellant's right is not clear and he failed to comply with his agreement. 134 U. S. 68; 23 Ark. 704; 44 *Id.* 197; 73 *Id.* 494.

4. Appellant had an adequate remedy at law. 95 Ark. 569.

HART, J., (after stating the facts). Professor Pomeroy, in discussing the question of specific performance, says that the doctrine is fundamental that either of the parties seeking specific performance against the other must show as a condition precedent to his obtaining the remedy that he has done or offered to do, or is then ready and willing to do, all the essential and material acts required of him by the agreement at the time of commenc-

ing suit. Pomeroy's Equity Jurisprudence, vol. 6, par. 805.

In paragraph 809, following, he says that where the stipulations are mutual and dependent—that is, where the deed is to be delivered upon payment of the price—an actual tender and demand by one party is necessary to put the other in default and to cut off his right to treat the contract as still subsisting.

(1) In the case before us there was an executory contract for the sale of the land, and the chancellor has found that the failure of the defendants to deliver the deed was due solely to the failure of the plaintiff to pay the stipulated purchase price according to the terms of his agreement, and on that account refused specific performance of the contract. We are of the opinion that the decision of the chancellor was correct. The decision is based upon the maxim that he who seeks equity must do equity, and this applies with peculiar force in the case of specific performance of a contract to sell lands. The party who seeks the specific execution of the contract is bound to show a substantial performance or readiness and offer to perform on his part of all that is required of him by the contract. Failure in any material respect offers a full defense to the suit.

(2) According to the testimony of the defendants, the plaintiff on the 12th day of December, the date on which the deed was placed with the Bank of Brinkley for delivery, said that he had already examined the abstract of title and found it all right.

According to the testimony of the plaintiff himself, his attorney examined the abstract within a month after this time. So, according to his own statement, the abstract was examined by the middle of January. Still, he failed to make the cash payment of $150 as required by the terms of the contract. The agreement between the parties contemplated that this cash payment should be made in a reasonable time after the deed was placed in the bank for delivery. The plaintiff failed to make the

payment according to the terms of the contract and the defendant upon his return to Brinkley on the 20th of February, 1914, again demanded payment of the plaintiff and upon the plaintiff's failure to pay him declared the contract rescinded.

The plaintiff failed to perform the conditions imposed upon him by the contract, and his failure to do so was a defense to his action for specific performance. The decree will be affirmed.